22-773-cv
*Hillary v. St. Lawrence County, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges*.

---

ORAL NICHOLAS HILLARY,

> *Plaintiff-Appellant*,

> v.                                                          22-773-cv

MARK MURRAY,

> *Defendant-Appellee*,

ST. LAWRENCE COUNTY, MARY E. RAIN, UNIDENTIFIED JANE AND JOHN DOE 1-10 ST. LAWRENCE COUNTY EMPLOYEES, ST. LAWRENCE COUNTY DISTRICT ATTORNEY'S OFFICE, ST. LAWRENCE COUNTY KEVIN M. WELLS, JOHN E. JONES, UNIDENTIFIED JANE AND JOHN DOE 11-20 ST. LAWRENCE COUNTY DISTRICT ATTORNEY EMPLOYEES, VILLAGE OF POTSDAM, VILLAGE OF POTSDAM POLICE DEPARTMENT, UNIDENTIFIED JANE AND JOHN DOE 21-30 ST. LAWRENCE COUNTY

1

SHERIFF EMPLOYEES, EDWARD TISCHLER, KEVIN M. BATES, UNIDENTIFIED JANE AND JOHN DOE VILLAGE OF POTSDAM EMPLOYEES 31-40, ONONDAGA COUNTY, WILLIAM FITZPATRICK, NEW YORK STATE POLICE, GARY SNELL, THEODORE LEVINSON, TIM PEETS, RAY WICKENHEISER, JULIE PIZZIKETTI, UNIDENTIFIED JANE AND JOHN DOE 41-50 NEW YORK STATE POLICE EMPLOYEES,

*Defendants.*[*]

---

| | |
|---|---|
| For Plaintiff-Appellant: | MATTHEW B. KELLER (Donna Aldea, Alexander R. Klein, *on the briefs*), Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY. |
| For Defendant-Appellee: | GREGG T. JOHNSON (April J. Laws, Loraine C. Jelinek, *on the brief*), Johnson & Laws, LLC, Clifton Park, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Oral Nicholas Hillary ("Hillary") appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) granting summary judgment in favor of Defendant-Appellee Mark Murray ("Murray"). Hillary brought a Section 1983 claim against several defendants, alleging that they violated his rights under the Equal Protection Clause in the course of investigating, arresting, and prosecuting him for the 2011 murder of Garrett Phillips. Murray is an officer of the Village of Potsdam Police Department who arrested Hillary in 2014. In its September 24, 2021 decision and order, the district court granted summary judgment on Hillary's equal protection claims against Murray. For the reasons

---

[*] The Clerk is respectfully directed to amend the caption as set forth above.

set forth below, we affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

The standard for granting summary judgment is well established. Summary judgment is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party." *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006). To determine whether there is any genuine dispute as to material facts, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). The party seeking summary judgment bears the burden to demonstrate that no such disputes exist and "a fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Further, "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

Hillary alleged a selective prosecution claim based on race under the Equal Protection Clause. To make a successful selective prosecution claim, the plaintiff must prove that "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Hu v. City of New York*, 927 F.3d 81, 91

(2d Cir. 2019) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995)).   We have emphasized that a selective-prosecution equal protection claim "requires proof of disparate treatment and impermissible motivation."   *Id.* (quoting *Bizzarro v. Miranda*, 394 F.3d 82, 87 (2d Cir. 2005)).   Thus, "[a] plaintiff cannot merely rest on a demonstration of different treatment from persons similarly situated" and "[i]nstead, he must prove that the disparate treatment was *caused by* the impermissible motivation."   *Id.* (citations and internal quotation marks omitted).   Such a claim also requires a "reasonably close resemblance between a plaintiff's and comparator's circumstances."   *Id.* at 93 (internal quotation marks omitted).

The district court correctly granted summary judgment in favor of Murray on Hillary's equal protection claim.   We assume arguendo that Hillary and his alleged comparator, John Jones ("Jones"), were, broadly speaking, similarly situated.   We also assume without deciding that all of Murray's state actions in the course of the investigation and prosecution, including his investigative acts prior to Hillary's 2014 arrest, may support Hillary's Section 1983 claim.

Considering all the evidence presented, Hillary has not raised a genuine dispute as to any material fact related to whether his alleged selective treatment "was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person."   *Hu*, 927 F.3d at 91.   To show an impermissible motivation, he relies on circumstantial evidence about the racial composition of the police department and the treatment of other black individuals associated with the homicide investigation and prosecution.   However, he has not offered any admissible evidence to support that either circumstance was motivated by racial animus or an intent to discriminate.   In addition, he has failed to put forth evidence that Murray

4

had a personal motivation to discriminate or that such a motive was a cause of his treatment of Hillary.

Hillary also argues that the different treatment of Jones and the proffered explanations for considering Hillary a more likely suspect than Jones indicate that Murray intended to discriminate. But he cannot rely on different treatment alone. *See LeClair v. Saunders*, 627 F.2d 606, 608 (2d Cir. 1980) ("Mere failure to prosecute other offenders is not a basis for a finding of denial of equal protection."). Moreover, Hillary has not offered sufficient evidence to create a material dispute of fact concerning Murray's purported reason for refraining from investigating Jones personally, to avoid a potential conflict of interest, or concerning Murray's purported reasons for viewing Hillary as a more likely suspect than Jones. Thus, Hillary has established no facts to suggest "that the disparate treatment was *caused by* the impermissible motivation." *Hu*, 927 F.3d at 91 (citations and internal quotation marks omitted). For that reason, summary judgment in favor of Murray was appropriate.[1]

\* \* \*

We have considered Hillary's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. In addition, because the joint appendix in this case contains information that should not have been filed unredacted on the public docket; *see* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2(a); the Clerk of Court is directed to SEAL ECF No. 52 from public view.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We need not decide whether Murray would be entitled to qualified immunity because we have not found evidence that Murray violated Hillary's constitutional rights.

5